UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NORTHEAST CARPENTERS HEALTH, PENSION, ANNUITY, APPRENTICESHIP, and LABOR MANAGEMENT COOPERATION FUNDS,

                                      Petitioners,

-against-

SABRE TILE CORP,

                                      Respondent.

18 CV _____

**PETITION TO CONFIRM AN ARBITRATION AWARD**

---

Petitioners, Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds f/k/a the Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds ("Petitioners" and/or the "Funds") by and through their attorneys, Virginia & Ambinder, LLP ("V&A"), as and for their Petition to Confirm an Arbitration Award, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is an action under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement (the "CBA") between the New England Regional Council of Carpenters f/k/a the Northeast Regional Council of Carpenters ("Union") and Sabre Tile Corp ("Sabre" or "Respondent").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

## THE PARTIES

4. Petitioners Trustees of the Northeast Carpenters Health, Pension, Annuity and Apprenticeship Funds, successors to the Empire State Carpenters Annuity, Apprenticeship, Pension, and Welfare Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 270 Motor Parkway, Hauppauge, New York 11788.

5. Petitioners Trustees of the Northeast Carpenters Labor Management Cooperation Fund, successor to the Empire State Carpenters Labor Management Cooperation Fund (the "Labor Management Fund") are employer and employee trustees of a labor management cooperation committee established under section 302(c)(9) of the LMRA, 29 U.S.C. § 186(d)(9). The Labor Management Fund maintains its principal place of business at 270 Motor Parkway, Hauppauge, New York 11788.

6. Respondent Sabre Tile Corp is a corporation incorporated under the laws of the State of New York. At relevant times, Respondent was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Respondent maintains its principal place of business at 230 Colorado Avenue, Buffalo, NY 14215.

## **THE ARBITRATION AWARD**

7. Respondent agreed to be bound to a collective bargaining agreement ("CBA") with the Union. A copy of the relevant CBA is annexed hereto as **Exhibit A**.

8. The CBA requires that Respondent, *inter alia*, make contributions to the Funds for all work within the trade and geographical jurisdiction of the Union. *See* Exhibit A, Article 16.

9. The CBA provides, *inter alia*, that the Employer shall be bound by and shall comply with the agreements, declarations of trust, plans and/or regulations of the fringe benefit funds, and labor management cooperation committees, so designated. *See* Exhibit A, Article 16.

10. The Trustees of the Funds established an Employer Contribution Audit and Collection Policy ("Collection Policy"). A copy of the Collection Policy is annexed hereto as **Exhibit B**.

11. Pursuant to the Collection Policy, interest on delinquent contributions is to be calculated at the rate of 0.75% per month. Exhibit B, Article 2.1.D.

12. The Collection Policy provides that, "[l]iquidated damages shall be calculated from the Due Date, and shall become due and owing if suit is commenced…The amount of the liquidated damages shall be 20% of the delinquent Contributions." Exhibit B, Article 6.1.

13. A dispute arose when, in violation of the CBA, Respondent failed to submit contributions for February through June 2018.

14. Based on remittance reports submitted by the Respondent, Petitioner determined that Respondent owes contributions in the amount of $44,879.49 in delinquent contributions for the period February through June 2018.

-3-

15. The Collection Policy provides that, in the event an employer fails to remit contributions to the Funds, the matter shall be sent to arbitration before the Funds' designated arbitrator. Exhibit B, Article 2.3.

16. The Collection Policy further provides that the employer shall be liable for all costs incurred in collecting delinquent contributions, including without limitation, audit costs, arbitration fees, and attorneys' fees. Exhibit B, Article 6.2-6.3.

17. Pursuant to the Collection Policy, Petitioners initiated arbitration before the designated arbitrator, J.J. Pierson. Petitioners noticed said arbitration by mailing a Notice of Intent to Arbitrate Delinquency to Respondent by Certified Mail. A copy of the Notice of Intent to Arbitrate Delinquency is annexed hereto as **Exhibit C**.

18. Thereafter, the arbitrator held a hearing and rendered his award, in writing, dated August 31, 2018, determining said dispute (the "Award"). A copy of the Award was delivered to Respondent. A copy of the Award is annexed hereto as **Exhibit D**.

19. The arbitrator found that Respondent was in violation of the terms of the CBA and ordered Respondent to pay the Funds the sum of $72,399.93, consisting of a principal deficiency of $44,879.49, interest of $1,132.93, additional interest of $1,618.58, liquidated damages of $8,975.90, additional liquidated damages of $11,627.50, professional fees of $2,515.53, attorneys' fees of $900, plus interest at the rate of 10% from the date of the Award on any part of the attorneys' fees awarded and ordered that is not paid within 30 days of the date of the Award, and the arbitrator's fee of $750 pursuant to the CBA. *See* Exhibit D.

20. The Award has not been vacated or modified and no application for such relief is currently pending.

21. This petition is timely, as it was filed within the one year statute of limitations applicable to a petition to confirm an arbitrator's award.

22. Petitioners are entitled to the reasonable attorneys' fees and costs expended in this matter pursuant to the Award and Section 502(g) of ERISA, 29 U.S.C. § 1132(g). *See* Exhibit E.

23. Copies of V&A's contemporaneous time records, reflecting all time spent and all activities performed in the prosecution of this matter by its attorneys and staff, are annexed hereto as **Exhibit E**.

24. I, Nicole Marimon ("NM" in the accompanying billing records), am a 2014 graduate of Fordham University School of Law, and an associate at V&A. Since graduating law school and being admitted to the New York State bar, I have handled the prosecution of several ERISA collections actions. V&A billed my time at a rate of $225 per hour for work performed in connection with this action.

25. V&A billed the legal assistants' time at a rate of $100 per hour for work performed in connection with this action.

26. In my experience, the foregoing hourly rates are similar to or lower than the rates typically charged by attorneys of commensurate skill and experience in similar actions in the Southern and Eastern Districts of New York.

27. V&A's total billings in this matter amount to $247.50 reflecting 1.1 hours of work. *See* Exhibit E.

28. In addition, V&A will also advance $475 in court filing fees and service costs upon the filing of the instant petition.

29. Accordingly, Petitioners are entitled to recover $722.50 in attorneys' fees and costs incurred in connection with this matter.

**WHEREFORE,** Petitioners respectfully request that this Court:

1. Confirm the Award in all respects;

2. Award judgment in favor of Petitioners and against Respondent in the amount of $72,399.93 pursuant to the Award plus interest from the date of the Award through the date of judgment;

3. Award judgment in favor of the Petitioners and against Respondent in the amount of $722.50 in attorneys' fees and costs arising out of this petition; and

4. Award Petitioners such other and further relief as is just and proper.

Case 1:18-cv-05693  Document 1  Filed 10/11/18  Page 7 of 7 PageID #: 18

Dated: New York, New York  Respectfully submitted,
      October 11, 2018

                            **VIRGINIA & AMBINDER, LLP**

                        By:    /s/
                               Charles R. Virginia
                               Nicole Marimon
                               40 Broad Street 7th Floor
                               New York, New York 10004
                               Telephone: (212) 943-9080
                               Fax: (212) 943-9082
                               *Attorneys for Petitioners*